## No. 11,420

### GARRISON *v.* DAVIES, ET AL.

Decided December 21, 1925.

Action against assignee for benefit of creditors, for amount of plaintiff's adjudicated claim. Judgment for defendant.

*Reversed.*

*On Application for Supersedeas.*

1. PLEADING—*Assignment for Benefit of Creditors—Claim.* In an action against an assignee under a general assignment for benefit of creditors, for amount of plaintiff's adjudicated claim, allegations of the complaint reviewed and held sufficient.

2. ASSIGNMENT FOR BENEFIT OF CREDITORS—*Duty of Assignee—Liability.* It is the duty of an assignee under a general assignment for benefit of creditors, to comply with the order of court for the payment of a claim, and on his failure to do so the creditor may sue him for the amount due.

3.      *Bond—Sureties—Liability.*   Sureties   on   the   bond   of   an
assignee under a general assignment for benefit of creditors,
are bound by the orders and judgments against their prin-
cipal, the assignee.

*Error to the District Court of Teller County, Hon. Wilbur
M. Alter, Judge.*

Mr. THORNTON H. THOMAS, for plaintiff in error.

No appearance for defendant in error.

*Department One.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the
court.

THIS is an action by a creditor against the assignee under
a general assignment for the benefit of creditors, and
against the sureties of such assignee, to recover the amount
of plaintiff's claim.   The court sustained a demurrer of
one of the sureties, and entered judgment in favor of such
surety and against the plaintiff.   Plaintiff brings the case
here, and applies for a supersedeas.

The only question presented by the record is whether
the complaint states a cause of action against the surety.

The complaint shows fully the general assignment, in-
cluding the recording of the deed of assignment, and the
rendition of the inventory.   The bond is set forth in haec
verba.   It is alleged that plaintiff's claim was proven and
filed, and adjudicated by the county court of Teller county,
the court in which the inventory and the bond was filed.
It is then alleged that the assignee "was ordered by the
said county court to pay plaintiff's claim in full, to-wit, the
sum of $532.10."   It is further alleged that the assignee
has failed and refused to pay this claim, or any part thereof,
although there were sufficient funds belonging to the estate
in the hands of the assignee to pay the same and more.

We are unable to find any fatal defect in the complaint. The defendant in error has filed no brief, but in his demurrer in the court below he alleges, in substance, that the complaint fails to show the status of other claims, or of plaintiff's priority, etc. All this suggests questions that might have been raised in the county court, but not in this case. According to the complaint, the county court ordered the assignee to pay plaintiff's claim in full, and there were sufficient funds to do so.

If for any reason the order of the county court was erroneous, it was nevertheless valid, and it was the duty of the assignee to obey it, and pay the claim. On his failure to do so, the creditor had the right to sue the assignee for the amount of the claim. 5 C. J. 1283. According to the bond set forth in the complaint, a failure to comply with the order of the county court was a breach of the bond. The sureties were bound by the orders and judgments against their principal, the assignee. 5 C. J. 1306.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer.

MR. JUSTICE BURKE and MR. JUSTICE ADAMS concur.